IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01749-GPG

SALVADOR MAGLUTA,

    Applicant,

v.

J. OLIVER, Complex Warden,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant Salvador Magluta is in the custody of the Federal Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Applicant then paid the $5 filing fee.

    The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file an Amended Application.

    An Application must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257,

269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The Application is fifty-four pages long. The claims are repetitive and include inappropriate legal arguments and unnecessary facts. Applicant is challenging a disciplinary proceeding in Incident Report No. 2418289. Applicant claims his due process rights were violated under *Wolff v. McDonnell*, 418 U.S. 539 (1974), and he seeks the reinstatement of forty-one days of good time credit.

Pursuant to *Wolff*, adequate due process in a disciplinary proceeding that implicates a protected liberty interest requires advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See Wolff*, 418 U.S. at 563-66. There also must be some evidence to support the decision. *See Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Finally, a prisoner has a due process right to have the hearing conducted by an impartial hearing officer. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).

Applicant, therefore, has failed to comply with Fed. R. Civ. P. 8, but he will be given an opportunity to file an Amended Application.  Applicant is directed to file an Amended Application that complies with the pleading requirements of Rule 8 and legal authority under *Wolff*.  Applicant must state claims that are presented in a manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims.

Furthermore, pursuant to the Information and Instruction for Filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, an Application and all additional pages must not exceed thirty pages.  *See* www.cod.uscourts.gov/ CourtOperations/Rules procedures/Forms.aspx.  Finally, Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).  Plaintiff does not assert he is unable to obtain the Court-approved forms for filing a complaint, or any other nonwillful failures to comply with the local rules.  Applicant, therefore, must submit his claims on a Court-approved form that including attached pages is no longer than thirty pages.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant file an Amended Application that complies with this Order.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2241 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov to use in filing the Amended Application.  It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed the action will be dismissed without further notice.

DATED August 24, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge